

FILED
CLERK, U.S. DISTRICT COURT
02/09/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

John Brosnan
3680 Wilshire Boulevard
Suite P04 -1313
Los Angeles, CA 90010
johnbrosnanlegal@gmail.com
(510) 350-6542

FEE PAID

I/S

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN BROSNAN,
Plaintiff,

v.

RODOLFO OBESO, LOYA CASUALTY INSURANCE COMPANY, AND DOES 1 TO 9,

Defendants.

Case No. 2:22-cv-00942-SB(PDx)

VIOLATIONS OF LANHAM ACT, FRAUD, RACKETEER INFLUENCED AND CORUPT ORGANIZATIONS, RICO, 18 U.S.C. § 1961, ET SEQ., PROPERTY DAMAGE, FRAUD, NEGLIGENCE

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff John Brosnan (Plaintiff), brings this Complaint against defendants for Violations Of the Lanham Act, Fraud, Racketeer Influenced And Corupt Organizations, 18 U.S.C. § 1961, Et Seq., Property Damage, Breach of Contract and Fraud.

**II.  PARTIES**

2. JOHN BROSNAN ("Plaintiff"), is a California resident.

3. RODOLFO OBESO (Obeso) is a resident of Las Vegas, Nevada.

4. Defendant Loya Casualty Insurance Company ("Loya") is an automobile insurance company located in the state of Texas.

5. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was, at all times herein mentioned, the agent, employee, partner and/or representative of one or more of the remaining Defendants and was acting within the course and scope of such relationship. Plaintiff

is further informed and believes that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining Defendants.

6. The true names and capacities of Defendants named herein as Does 1 through 9, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiff, who t herefore sues said Defendants by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff will amend this Complaint to show such true names and capacities of Does 1 through 9, inclusive, when they have been determined.

### III.   JURISDICTION AND VENUE

7. This court has federal question jurisdiction over Plaintiffs' claim against Defendant Loya for violation of Section 43(a) of the Lanham Act pursuant to 28 U.S.C. § 1331 and the Racketeer Influenced And Corupt Organizations Act (Rico), 18 U.S.C. § 1961, Et Seq.

8. Obeso is a resident of Nevada.  Loya is an insurance company located in Texas.

9. Obeso was driving his vehicle (V1) on a Highway behind a vehicle driven by Plaintiff (V2). While Obeso was driving Obeso dropped his water bottle and began to search for his water bottle and took his attention from the highway in front of him. Traffic on the highway in front of V2 had stopped and Plaintiff stopped V2. While Obeso was searching for his water bottle Obeso allowed V1 to crash (Crash) into the rear of V2. Obeso provided Plaintiff a video statement of the foregoing.

10. During the Crash V2 was damaged, Plaintiff was injured and property (Property) belonging to Plaintiff was damaged. Plaintiff is a commercial photographer with a photography studio located in the city of Los Angeles. The Property is comprised of professional photography equipment.

11. As of the filing of this instant action more than 941 days have elapsed.

12. As of the filing of this instant action defendants have not repaired the Property.

13. Plaintiff is entitled to Damages related to Loss of Use (LOU) of the Property based upon the fair market daily rental value of the damaged property.

14. The current fair market daily rental (FM) of the damaged Property exceeds $425.00.

15. The FM multiplied by the 941 elapsed days is more than $399,925.00.

16. Venue is appropriate in the United States District Court for the Central District of California.

## IV. FACTUAL ALLEGATIONS

17. Obeso was driving a vehicle (V1) behind a vehicle driven by Plaintiff (V2).

18. While Obeso was driving V1 Obeso dropped his water bottle then Obeso began to search for his water bottle and took his attention from the highway in front of V1 (Search).

19. Obeso provided Plaintiff with a video statement regarding the Search.

20. Traffic on the highway in front of V2 had stopped.

21. Plaintiff stopped V2 behind the traffic stopped in front of V2.

22. During the Search Obeso allowed V1 to crash (Crash) into the rear of V2.

23. During the Crash, V2 was damaged.

24. During the Crash, Plaintiff was injured.

25. During the Crash, property (Property) belonging to Plaintiff was damaged.

26. Plaintiff is a commercial photographer with a photography studio located in the city of Los Angeles.

27. The Property is comprised of professional photography equipment.

28. As of the filing of this instant action more than 941 days have elapsed.

29. As of the filing of this instant action defendants have not repaired the Property.

30. Plaintiff is entitled to Damages related to Loss of Use (LOU) of the Property

31. LOU is based upon the fair market daily rental value of the damaged property.

32. The current fair market daily rental (FM) of the damaged Property exceeds $425.00.

33. The FM multiplied by 941 elapsed days is more than $399,925.00.

34. Subsequent to the Crash, Plaintiff contacted Obeso.

35. Obeso informed Plaintiff that Obeso was insured by Loya at the time of the Crash and provided Plaintiff with an insurance card (Card). The following image is of the Card.



36. On or about April 8, 2019, Plaintiff telephonically contacted Loya (Call) and presented a claim (Claim) regarding the Crash. During the Call, plaintiff spoke with Loya representative Juanna Rodriguez (JR) regarding the Claim. Said Call was recorded by Plaintiff with the permission of JR.

37. From the Card Plaintiff was aware that Loya was not based in California.

38. Plaintiff offered to provide information to JR in exchange for Loya agreeing to comply with California law (Agreement).

39. JR accepted the offer of Plaintiff and entered into the Agreement with Plaintiff.

40. The Agreement was entered into during the Call.

41. California law requires Defendants to repair the Property.

42. California law requires Defendants to repair V2 and compensate Plaintiff for his injuries.

43. JR informed Plaintiff that Loya would comply with California Law regarding the Claim.

44. Loya has not repaired the Property.

45. Loya breached the Agreement and did not comply with all laws.

46. Plaintiff has not been compensated for his injuries.

47. Loya has not complied with California Law regarding the Claim.

48. Plaintiff continues to be damaged by the refusal of Loya to repair the Property.

49. Loya defrauded Plaintiff when JR told Plaintiff that Loya would comply with California Law.

50. Loya had no intention of complying with California Law.

51. Loya routinely violates the laws of the State of California.

52. In 2012 Loya was fined $300,000 for violating state insurance laws in Texas after insurance regulators determined that Loya engaged in false advertising.

53. California has the Fair Claims Settlement Practices Regulations (FCSPR) codified at California Code of Regulations Title 10, Chapter 5 Subchapter 7.5.

54. The FCSPR has Section 2695.6 entitled Training and Certification (a) Every insurer shall adopt and communicate to all its claims agents written standards for the promptinvestigation and processing of claims, and shall do so within ninety (90) days after the effective date of theseregulations or any revisions thereto.

55. FCSPR Section 2695.6(3) states: "where the licensee retains insurance adjusters as defined in California Insurance Code Section 14021, the licensee must provide training to the insurance adjusters regarding these regulations and annually certify, in a declaration executed under penalty of perjury, that such training is provided. Alternately, the insurance adjuster may annually certify in writing, under penalty of perjury, that he or she has read and understands theseregulations and all amendments thereto or has successfully completed a training seminar which explains theseregulations;". Loya has not complied with FCSPR Section 2695.6(3).

56. FCSPR Section 2695.7. entitled Standards for Prompt, Fair and Equitable Settlements has paragraph (b) which states, "Upon receiving proof of claim, every insurer, except as specified in subsection 2695.7(b)(4) below, shall immediately, but in no event more than forty (40) calendar days later, accept or deny the claim, in whole or in part.The amounts accepted or denied shall be clearly documented in the claim file unless the claim has been denied inits entirety."

57. Loya violated FCSPR Section 2695.7(b).

58. FCSPR Section 2695.7(h) states, " Upon acceptance of the claim in whole or in part and, when necessary, upon receipt of a properly executed release, every insurer, except as specified in subsection 2695.7(h)(1) and (2) below, shall immediately, but in no event more than thirty (30) calendar days later, tender payment or otherwise take action to perform its claim obligation. The amount of the claim to be tendered is the amount that has been accepted by the insurer as specified in subsection 2695.7(b). In claims where multiple coverage is involved, and where the payee is known,amounts that have been accepted by the insurer shall be paid immediately, but in no event more than thirty (30)calendar days, if payment would terminate the insurer's known liability under that individual coverage, unlessimpairment of the insured's interests would result. The time frames specified in this subsection shall not applywhere the policy provides for a waiting period after acceptance of claim and before payment of benefits.

59. Loya violated FCSPR Section 2695.7(h).

60. Loya routinely violates the FCSPR.

61. Many lawsuits have been filed wherein Loya has violated the FCSPR.

62. Loya routinely violates California Law to the detriment of Californian citizens.

**FIRST CAUSE OF ACTION**

**PROPERTY DAMAGE**

**OBESO**

63. Plaintiff hereby incorporates by reference all paragraphs stated above.

64. Obeso negligently operated V1.

65. During the negligent operation of V1 by Obeso, V1 crashed into V2.

66. During the negligent operation of V1 by Obeso, V2 was damaged.

67. During the negligent operation of V1 by Obeso, Plaintiff was injured.

68. During the negligent operation of V1 by Obeso, Plaintiff's property was damaged.

69. On or about August 30, 2021, Plaintiff contacted Loya regarding the Claim. Loya refused to speak to Plaintiff about the Claim.

70. Plaintiff prays for judgment against Defendants, as more fully set forth below.

71. Plaintiff prays for judgment against Defendants, as more fully set forth below.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

**OBESO**

72. Plaintiff hereby incorporates by reference all paragraphs stated above.

73. Obeso negligently operated V1.

74. During the negligent operation of V1 by Obeso, V1 crashed into V2.

75. Obeso had a duty to properly operate V1.

76. Obeso breached his duty to properly operate V1.

77. During the negligent operation of V1 by Obeso, V2 was damaged.

78. During the negligent operation of V1 by Obeso, Plaintiff was injured.

79. During the negligent operation of V1 by Obeso, Plaintiff's property was damaged.

80. On or about August 30, 2021, Plaintiff contacted Loya regarding the Claim. Loya refused to speak to Plaintiff about the Claim.

81. Plaintiff prays for judgment against Defendants, as more fully set forth below.

82. Plaintiff prays for judgment against Defendants, as more fully set forth below.

## THIRD CAUSE OF ACTION

## FRAUD

## LOYA

83. Plaintiff hereby incorporates by reference all paragraphs stated above.

84. Federal law defines fraud as any intentional deception or misrepresentation used to benefit yourself or someone else.

85. Federal law defines fraud as any intentional deception or misrepresentation used to benefit yourself or someone else.

86. Loya had no intention of complying with the terms of the Agreement when Loya entered into the Agreement with Plaintiff.

87. Fraud in the inducement occurs when a party tricks another party into entering into an agreement to one's disadvantage by using fraudulent statements and representations. Because fraud negates the "meeting of the minds" required of a contract, the injured party can seek damages or terminate the contract. Loya tricked Plaintiff by entering into the Agreement without any intention of complying with the Agreement.

88. Plaintiff prays for judgment against Defendants, as more fully set forth below.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT

## LOYA

89. Plaintiff hereby incorporates by reference all paragraphs stated above.

90. Loya breached the Agreement with Plaintiff.

91. The four Elements of a Breach of Contract Claim are, (1) The existence of a contract; (2) Performance by the plaintiff, (3) Failure to perform the contract by the defendant; and (4) Resulting damages to the plaintiff.

92. The Agreement is the Contract that was entered into between Plaintiff and the Rep.

93. The plaintiff performed properly per the Agreement.

94. Loya failed to comply with all laws and in doing so Breached the Contract between Plaintiff and Loya.

95. Plaintiff has been damaged by the Breach of Contract by Loya.

96. Plaintiff prays for judgment against Defendants, as more fully set forth below.

### FIFTH CAUSE OF ACTION

### VIOLATIONS OF THE LANHAM ACT 15 U.S.C. § 1051

### LOYA

97. Plaintiff hereby incorporates by reference all paragraphs stated above.

98. Loya engaged in false advertising in order to defraud Plaintiff. The Lanham Act prohibits false advertising.

99. Plaintiff has been damaged by the False Advertising of Loya.

100. The following image is taken from https://www.fredloya.com/forms/footer/AboutUs

**About Us**

General Auto Insurance From An Affordable Auto Insurance Company
"Success is measured not only in profits, but by integrity as well." -Fred Loya

101. Loya publishes on their website the "Success is measured not only in profits, but by integrity as well." -Fred Loya. The foregoing is intended to deceive consumers.

102. Plaintiff prays for judgment against Defendants, as more fully set forth below.

### SIXTH CAUSE Of ACTION

### (Racketeer Influenced and Corrupt Organizations, RICO, 18 U.S.C. § 1961, et seq.)

### LOYA

103. Plaintiff hereby incorporates by reference all paragraphs stated above.

104. By doing the things alleged hereinabove, Defendants committed wire fraud and mail fraud, by using instrumentalities of interstate commerce to accomplish their crimes, and thereby are liable under the civil RICO statutes.

105. Each defendant, in its own right, and all defendants are, together, collectively, as well as

their employees, who work in and for each defendant company, both enterprises and associated-in-fact enterprises, within the meaning of 18 U.S.C. § 1961(4), and therefore are RICO enterprises.

106. As regards the dealings alleged in the instant action, each different company is, and the companies that are defendants together are, an enterprise(s), within the meaning of 18 U.S.C. § 1961(4).

107. Defendants' activities affect interstate commerce. Each defendant received income, directly and/or indirectly, by way of insurance premiums, salary, compensation, reimbursement for expenses, per diem costs reimbursements, meals, lodging, and/or travel, etc., from the pattern of racketeering activity alleged herein and used that income in the acquisition of an interest in and/or operation of the enterprise, in violation of 18 U.S.C. 1962(a), and acquired and/or maintained control over said racketeering enterprise through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. § 1961, et seq.

108. Defendants conducted and/or participated in said enterprises' affair through a pattern of racketeering activities, in violation of 18 U.S.C. § 1962(c).

109. The pattern of racketeering activities included a continuous pattern and practice involving activities, including civil RICO predicates, set forth in the RICO predicate statutes, including mail fraud, wire fraud, fraudulent concealment, fraud, and obstruction of justice, and defendants' defense of the instant action is a continuation and a part of its RICO schemes.

110. The enterprises' activities have occurred on more than one thousand occasions over at least the past five (5) years and have been done on numerous occasions and constitute at least two separate acts, as set forth hereinabove, not including the acts included as part of the defense of the instant action that have not yet occurred.

111. The wrongful acts described in the matters enumerated hereinabove occurred over a significant period of time, and are related in that they evidence civil RICO predicates, including at least fraud, wire fraud, mail fraud, and obstruction of justice, and they pose a threat of continued criminal activity, have the same or similar purposes, results, participants and kinds and categories of participants, victims, methods of commission, and are otherwise interrelated by their common characteristics, are not isolated events, and each and all constitute a continuing pattern of

racketeering activity and constitute a long term threat of continuing racketeering activity.

112. The wrongful acts over a period of years and the bad acts alleged hereinabove enabled defendants to acquire and maintain, both directly and indirectly, interests in and control of the racketeering enterprises in which they engage.

113. The activities led to defendants' control and acquisition over the enterprises and resulted in the injuries to plaintiff, as alleged herein, which resulted from defendants' participation in and control of the enterprises.

114. By failing to prevent the wrongful conduct herein alleged, misconduct that amounted to racketeering activities, all managerial and non-managerial employees and/or officers of defendants engaged in and condoned racketeering activities, and perhaps their attorneys in the instant action, and when the names of the managerial and non-managerial persons, presently Unknown Named Defendants are obtained, the names of those persons will be added as defendants.

115. The willful and/or negligent mismanagement of the enterprises, with knowledge by defendants charged with management and potentially other defendants that they were and continue to be operated as a RICO enterprises, directly caused the harm to plaintiff, as alleged herein.

116. The acquisition of control of the enterprises by its participants who engaged in RICO predicate acts harmed plaintiff.

117. The enterprises are RICO enterprises because they have hierarchical structures and consensual structures for making decisions, and those structures have an existence beyond that which is necessary to commit the RICO predicate acts alleged herein, in that the hierarchical and consensual structures exist to accomplish doing business, and the structures for decision-making exist separate and apart from the racketeering activities.

118. Plaintiff was harmed by defendants' wrongful conduct, including fraud, wire fraud, mail fraud, deception, and obstruction of justice.

119. Both directly and indirectly, defendants, in the acts and instances alleged herein, and others, have conducted the RICO enterprises' affairs and have, as a matter of fact, participated in the operation and de facto management of the RICO enterprises. By the conduct alleged herein, each defendant participated in the operation and management of the RICO enterprises herself and/or

himself and/or itself, or played some part in directing their affairs.

120. Plaintiff was injured in his property by reason of the conduct against him, as set forth hereinabove. Plaintiff has suffered a material diminution in the value of his property, which he had an interest.

121. Defendants unlawfully engaged in the racketeering activities set forth in the preceding averments and, on information and belief, on other occasions during the past five (5) years, through a pattern of racketeering activity, and acquired directly and indirectly, control of the enterprises.

122. Defendants and others, who either are or have been employed by or who are associated with the racketeering enterprises, have conducted those enterprises through a pattern of racketeering activity, as set forth hereinabove.

123. Through a pattern of racketeering activities, as set forth hereinabove, defendants acquired and/or maintained, directly and/or indirectly, interests in and/or control of the RICO enterprises and their activities by, among other things, their own aggrandizement that flows therefrom.

124. By virtue of the allegations set forth hereinabove, some defendants were or are employed by, all defendants were or are associated with, and all defendants participated in, directly and/or indirectly, the RICO enterprises. Defendants unlawfully conspired with others to violate the provisions of 18 U.S.C. § 1962(b), (c), and (d), and, on information and belief, continued to do so with the aid and assistance of co-conspirators.

125. Plaintiff was injured in his property by reason thereof, and plaintiff is entitled to damages, to be trebled.

126. The wrongful policies and practices of defendants relating to the solicitation, sale, and processing of policies of insurance include, but are not limited to, the deliberate failure to make honest and truthful disclosures and of making material misrepresentations, and have been formulated and implemented by defendants, both singly and jointly.

127. Defendants' actions involve thousands of consumers and constitute a pattern of racketeering activity and the predicate acts of wire fraud and mail fraud, in violation of 18 U.S.C. § 1343.

128. Plaintiff prays for judgment against Defendants, as more fully set forth below.

Plaintiff prays for judgment against Defendants, as more fully set forth below.

Plaintiff, on behalf of himself, requests the following relief:

1. Damages in the amount of no less than $5,000,000;
2. Enjoining Defendants from engaging in further negligent, deceptive, unfair, and unlawful practices alleged herein; Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and other consumers;
3. Awarding actual compensatory and any other damages the Court sees fit;
4. Awarding reasonable attorneys' fees, costs, and other litigation expenses;
5. Awarding punitive damages;
6. Awarding pre- and post-judgment interest, as allowable by law; and
7. Awarding such further and other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

DATED: February 9, 2022

John Brosnan